**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EMILIE MACHUGA o/b/o,
PATRICK MACHUGA(Deceased)
        **Plaintiff,**                  Case No. 06-13577-DT

v.                                              HONORABLE DENISE PAGE HOOD

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendants.**
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation ("R&R") dated June 7, 2007. On December 18, 2006 Plaintiff filed a Motion for Summary Judgment and/or Remand. On February 8, 2007 Defendant filed Defendant's Motion for Remand. On June 7, 2007 Magistrate Judge Mona K. Majzoub issued a Report and Recommendation granting Defendant's Motion for Remand and granting in part and denying in part Plaintiff's Motion for Summary Judgment and/or Remand.

### II. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (B)(1)(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to

state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Dave v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the Complaint as true when evaluating the property of dismissal under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Markets, Inc.*, 249 F.3d 509,512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575,577 (E.D. Mich. 1999). Furthermore, the court will construe the complaint in the light most favorable to the plaintiff when determining whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3D 426, 429 (6th Cir. 2001).

### III. LAW & ANALYSIS

The Court agrees with the Magistrate Judge that Defendant's Motion to Remand be Granted and that Plaintiff's Motion for Summary Judgment be Granted in Part and Denied in part. First, remand is appropriate because the Administrative Law Judge's decision is not supported by substantial evidence in several aspects. Most important was the failure of the ALJ to address the opinion of Plaintiff's treating physician Dr. Stephen J. Cusick. Remand is appropriate because the ALJ failed to properly analyze the credibility of the Plaintiff's statements regarding his pain and other symptoms. Specifically, the ALJ failed to provide any indication of the specific reasons or evidence used to support his credibility finding. Although remand is appropriate, remand to award benefits is not because all "essential factual issues" have not been resolved (Magis. Report and Recommendation, at 12).

Second, Plaintiff's request to remand the case back to the Commissioner with instructions to assign a different ALJ is denied. Here, Plaintiff has not provided evidence that ALJ Jerome Blum is biased against him, or that a fair judgment upon remand in this case would be not be

possible. *See Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991). Upon review of the Pleadings, Motions and Report and Recommendation, the court agrees with the Magistrate Judge. (Magis. Report and Recommendation, at 14). Accordingly,

IT IS ORDERED that the Report and Recommendation [**Docket No. 15**] of Magistrate Judge Mona K. Majzoub dated June 7, 2007 is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Remand **[Docket No. 11]** be **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Docket No. 8] be **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER ORDERED that this matter be **REMANDED** back to the Commissioner for further proceedings, pursuant to sentence four of § 405(g). Specifically, the following issues must be resolved upon remand:

1. A discussion of the weight, if any, given to Dr. Cusick's opinion that Plaintiff was disabled and that Plaintiff could only work subject to certain restrictions. Any subsequent opinion must contain specific reasons in support of the rejection of Dr. Cusick's opinion regarding Plaintiff's disability, as well as the specific restrictions imposed by Dr. Cusick, in accordance with 20 C.F.R. 404.1527(d) and SSR 96-2p.

2. Factual findings regarding Dr. D. Mitchell's May 24, 2001 examination report of Plaintiff and clarification of his opinion that Plaintiff was unable to work. Any subsequent opinion must specifically address the weight, if any, given to Dr. Mitchell's opinion and should explain the basis for said decision with citation to the record evidence.

3. A discussion of Plaintiff's statements regarding his pain and other symptoms with specific reasons and citations to the record evidence, in accordance with 20 C.F.R. 404.1529 and SSR 96-7p, explaining why such statements are not credible.

4. If necessary, the ALJ may find it necessary to undertake a new five-step analysis after fully considering the impact, if any, of the opinions of Dr. Cusick and Dr. Mitchell and of Plaintiff's credible statements on his or her RFC finding.

                                                      s/ DENISE PAGE HOOD
                                                      DENISE PAGE HOOD

DATED: September 28k, 2007                      United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2007, by electronic and/or ordinary mail.

                                                      S/William F. Lewis
                                                      Case Manager